## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN BATES, and MARY LYNN BATES, his wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 2:22-cv-1441 |
| v. | ) ) ) | |
| AIR & LIQUID SYSTEMS CORPORATION, Successor-by-Merger to Buffalo Pumps, Inc.; AMERICAN BILTRITE, INC.; ARMSTRONG INTERNATIONAL, INC.; ATWOOD & MORRILL, as Successor-in-Interest to Weir Valves; AURORA PUMP COMPANY; BLACKMER PUMP COMPANY; BRAND INSULATIONS, INC.; BROOKWOOD VENTURES, L.P.; BW/IP, INC., and its wholly owned subsidiaries; CLARK-RELIANCE CORPORATION; CLEAVER-BROOKS, a division of Aqua-Chem, Inc.; CONWED CORPORATION, Individually and as Successor-in-Interest to Wood Conversion Company; COPES-VULCAN, INC.; DAP, INC., n/k/a La Mirada Products Co., Inc.; DOCUTRONIX, INC.; EATON CORPORATION, as Successor-in-Interest to Cutler-Hammer, Inc., n/k/a Eaton Electrical, Inc.; EICHLEAY CORPORATION; FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST as Successor to Felt Products Manufacturing Co.; FLOWSERVE U.S. INC., Solely as successor to Rockwell Manufacturing Company, Edward Valves, Inc., and Nordstrom Valves, Inc.; FMC CORPORATION, individually and on behalf of its former Peerless Pumps Division; FORD MOTOR COMPANY; FOSTER WHEELER, LLC; GARDNER DENVER, INC.; GENERAL ELECTRIC COMPANY; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association, a/k/a/ NAPA; | ) ) |
| GOULDS PUMPS LLC; | ) |
| H.B. SMITH COMPANY, INC.; | ) |
| HARRIS AUTO RACING; | ) |
| HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to Bendix Corp.; | ) ) |
| IMO INDUSTRIES, INC., Individually and as Successor-in-Interest to DeLaval Steam Turbine Company; | ) ) ) |
| INDUSTRIAL HOLDINGS CORPORATION, f/k/a Carborundum Company; | ) ) |
| INVENSYS SYSTEMS, INC., Individually and as Successor-in-Interest to Fulton Sylphon; | ) ) |
| ITT LLC, f/k/a ITT Industries, Inc.; | ) |
| KCG, Inc., as Successor-in-Interest to Rew Materials, Inc., Ruco Equipment, and Magnum Products, and as Successor-by-Merger to KC Wall Products, Inc.; | ) ) ) ) |
| KELSEY-HAYES COMPANY; | ) |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.; | ) ) |
| MCCARL' S INC; | ) |
| MCCORD CORPORATION; | ) |
| MORSE TEC, LLC, f/k/a Borgwarner Morse Tec, LLC and Successor-in Interest to Borgwarner Corporation; | ) ) ) |
| PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a/ Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; | ) ) ) ) ) ) ) |
| PFIZER, INC; | ) |
| PNEUMO ABEX, LLC, as Successor-in-Interest to Abex Corporation; | ) ) |
| REDCO CORPORATION, f/k/a Crane Co.; | ) |
| ROCKWELL AUTOMATION, INC., f/k/a Allen-Bradley Company, Individually and as Successor-in-Interest to Rostone Corp.; | ) ) ) |
| SCHNEIDER ELECTRIC USA, INC., f/k/a Square D Company; | ) ) |
| SPIRAX SARCO, INC.; | ) |
| STANDARD MOTOR PRODUCTS, INC., Successor-in-Interest to Parker-Hannifin Corporation, individually and as parent, | ) ) ) |

| | |
|---|---|
| alter ego, successor-in interest and equitable | ) |
| trustee to EIS Brake Parts and Cali-Block; | ) |
| THE GOODYEAR TIRE & RUBBER CO.; | ) |
| THE WILLIAM POWELL COMPANY; | ) |
| UNION CARBIDE CORPORATION; | ) |
| VANDERBILT MINERALS, LLC, f/k/a R.T. | ) |
| Vanderbilt Company, Inc.; | ) |
| VELAN VALVE CORP; | ) |
| VIKING PUMP, INC., | ) |
| WARREN PUMPS, LLC; | ) |
| WELCO MANUFACTURING COMPANY; | ) |
| WHITTAKER CLARK & DANIELS; | ) |
| ZURN INDUSTRIES, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Paramount Global f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse") hereby removes this action from the Court of Common Pleas of Allegheny County based on federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute").

### BACKGROUND

1. Westinghouse hereby removes this state court filing pursuant to 28 U.S.C § 1442.

2. On September 1, 2022, Plaintiffs filed their Complaint in this asbestos personal injury action in the Court of Common Pleas of Allegheny County, Pennsylvania. (*See* Complaint attached as "Exhibit A").

3. Westinghouse was served with the Complaint on September 12, 2022.

4. Plaintiff, Warren Bates, ("Mr. Bates") alleges that he contracted mesothelioma as a result of alleged secondary asbestos exposure from his grandfather who worked as an electrician for the Philadelphia Naval Shipyard from 1957 to 1961. His grandfather worked in various spaces, including the engineering/mechanical spaces, on the USS Kitty Hawk and USS Enterprise. (*Exhibit A*, ¶¶ 59 and 61).

5. In relevant part, Plaintiffs assert that Westinghouse is liable for Mr. Bates' injury based on its status as a manufacturer, user and/or installer of asbestos-insulated or asbestos-containing products or equipment in use at the Philadelphia Naval Shipyard. (*Id.*, ¶¶ 41, 64, and 70).

6. Westinghouse designed, manufactured and supplied various items of equipment, including turbines, to the United States Navy for use aboard the USS Kitty Hawk and USS Enterprise. Each piece of equipment was custom-designed and manufactured in accordance with detailed specifications and/or regulations promulgated or adopted by the Navy and its officers, and each relevant aspect of the equipment's design and manufacture was subject to detailed and ongoing direction and control by the Navy through its individual officers.

7. This Notice of Removal has been filed within thirty (30) days of Westinghouse's receipt of the Complaint, which was Westinghouse's first receipt of an initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

**FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(a)**

8. The basis for this removal is that this action involves a person, *i.e.*, Westinghouse, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor" defense to those claims.

9. Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

10. Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: 1) the defendant is a person who acted under the direction of a federal officer; 2) the defendant has asserted at least a colorable federal law-based defense to the plaintiff's claims; and 3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office. *Mesa v. California*, 489 U.S. 121 (1989). *See also, e.g., Kirks v. General Elec. Co.*, 654 F. Supp. 2d 220, 223 (D. Del. 2009); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 210 (S.D.N.Y. 2005); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1325 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

11. As a corporation, Westinghouse is a "person" for purposes of § 1442(a)(1). *See, e.g., Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Kirks*, 654 F. Supp. 2d at 223.

12. In designing, manufacturing and supplying the equipment at issue in this case to the Navy, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers. More specifically, Westinghouse designed, manufactured, and supplied such equipment in accordance with precise, detailed specifications promulgated by Navy Sea Systems Command. Moreover, an Inspector of Naval Machinery, who was resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance

with the Navy's design specifications. Further, the equipment was subject to various tests and trials supervised by the Navy before the equipment was approved for use on military vessels. In sum, all relevant aspects of the design and manufacture of the equipment (and of the format and content of the warnings, if any, to be supplied therewith) were subject to close, detailed and ongoing supervision and control by the Navy and its officers. Numerous courts have, in fact, held – under these facts identical to these – that Westinghouse was "acting under a federal officer" in relation to its design, manufacture and supply of Navy turbines. *See, e.g.*, *Ruppel*, 701 F.3d at 1181; *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Madden*, 205 F. Supp. 2d at 700-01; *Crocker*, 852 F. Supp. at 1326; *Fung*, 816 F. Supp. at 572.

13. It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office. *See, e.g.*, *Madden*, 205 F. Supp. 2d at 701-02. *See also, e.g.*, *Ruppel*, 701 F.3d at 1181; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994).

14. As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: 1) it designed, manufactured and supplied the equipment at issue in this case in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the equipment conformed with those Navy specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure.

Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's design and manufacture of Navy turbines have found that Westinghouse can accordingly state at least a colorable government contractor defense in relation to such claims. *See, e.g.*, *Ruppel*, 701 F.3d at 1183-86; *Najolia*, 883 F. Supp. 2d at 657-58; *Corley*, 688 F. Supp. 2d at 1334; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103.

15. Westinghouse is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442 (a)(1). *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

16. Westinghouse has attached those documents required by 28 U.S.C. 21 §1446(a) and will file those documents required by Local Rule 81 Applicable to Civil Proceedings.

17. Removal of this action is proper under 28 U.S.C. § 1442 as it is a civil action brought in a state court and as – consistent with the short and plain statement of the law and facts set forth herein – the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because Westinghouse was acting under an officer or agency of the United States in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims.

WHEREFORE, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Court of Common Pleas of Allegheny County on this 12th day of October, 2022.

Respectfully submitted,
DEFENDANT,
PARAMOUNT GLOBAL f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, By its attorneys,

*/s/ Daniel J. Sinclair*
Daniel J. Sinclair
PA ID 70213
ECKERT SEAMANS CHERIN
    & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-6000

## **CERTIFICATE OF SERVICE**

      I, Daniel J. Sinclair, hereby certify that on October 12, 2022 a copy of the foregoing *Notice of Removal* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

                                    */s/ Daniel J. Sinclair*
                                    Daniel J. Sinclair