# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION--ASBESTOS

WARREN BATES, and
MARY LYNN BATES, his wife,

     Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION,
Successor-by-Merger to Buffalo Pumps, Inc.;
AMERICAN BILTRITE, INC.;
ARMSTRONG INTERNATIONAL, INC.;
ATWOOD & MORRILL, as Successor-in-Interest
to Weir Valves;
AURORA PUMP COMPANY;
BLACKMER PUMP COMPANY;
BRAND INSULATIONS, INC.;
BROOKWOOD VENTURES, L.P.;
BW/IP, INC., and its wholly owned subsidiaries;
CLARK-RELIANCE CORPORATION;
CLEAVER-BROOKS, a division of Aqua-Chem, Inc.;
CONWED CORPORATION,  Individually and as
Successor-in-Interest to Wood Conversion Company;
COPES-VULCAN, INC.;
DAP, INC., n/k/a La Mirada Products Co., Inc.;
DOCUTRONIX, INC.;
EATON CORPORATION, as Successor-in-Interest
to Cutler-Hammer, Inc., n/k/a Eaton Electrical, Inc.;
EICHLEAY CORPORATION;
FEDERAL-MOGUL ASBESTOS PERSONAL
INJURY TRUST as Successor to Felt Products
Manufacturing Co.;
FLOWSERVE U.S. INC., Solely as successor to Rockwell
Manufacturing Company, Edward Valves, Inc., and
Nordstrom Valves, Inc.;
FMC CORPORATION, individually and on behalf
of its former Peerless Pumps Division;
FORD MOTOR COMPANY;
FOSTER WHEELER, LLC;
GARDNER DENVER, INC.;
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY, d/b/a National

No.: GD  22 - 011021

Code: 012

**COMPLAINT IN CIVIL ACTION**

***JURY TRIAL DEMANDED***

Filed on behalf of Plaintiff

Counsel of Record for this Party:

Holly L. Deihl, Esquire
PA I.D. No. 94091

SWMW LAW, LLC
Investment Building
239 Fourth Avenue, Ste. 1503
Pittsburgh, PA 15222
(412) 763-3288

holly.deihl@swmwlaw.com

Automotive Parts Association, a/k/a/ NAPA;
GOULDS PUMPS LLC;
H.B. SMITH COMPANY, INC.;
HARRIS AUTO RACING;
HONEYWELL INTERNATIONAL, INC., as
Successor-in-Interest to Bendix Corp.;
IMO INDUSTRIES, INC., Individually and as
Successor-in-Interest to DeLaval Steam Turbine
Company;
INDUSTRIAL HOLDINGS CORPORATION, f/k/a
Carborundum Company;
INVENSYS SYSTEMS, INC., Individually and as
Successor-in-Interest to Fulton Sylphon;
ITT LLC, f/k/a ITT Industries, Inc.;
KCG, Inc., as Successor-in-Interest to Rew Materials, Inc.,
Ruco Equipment, and Magnum Products, and as
Successor-by-Merger to KC Wall Products, Inc.;
KELSEY-HAYES COMPANY;
LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.;
MCCARL'S INC;
MCCORD CORPORATION;
MORSE TEC, LLC, f/k/a Borgwarner Morse Tec,
LLC and Successor-in Interest to Borgwarner
Corporation;
PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc.,
f/k/a CBS Corporation, a Delaware corporation,
f/k/a/ Viacom Inc., successor by merger to CBS
Corporation, a Pennsylvania corporation, f/k/a
Westinghouse Electric Corporation;
PFIZER, INC;
PNEUMO ABEX, LLC, as Successor-in-Interest
to Abex Corporation;
REDCO CORPORATION, f/k/a Crane Co.;
ROCKWELL AUTOMATION, INC., f/k/a Allen-
Bradley Company, Individually and as Successor-
in-Interest to Rostone Corp.;
SCHNEIDER ELECTRIC USA, INC., f/k/a
Square D Company;
SPIRAX SARCO, INC.;
STANDARD MOTOR PRODUCTS, INC., Successor-
in-Interest to Parker-Hannifin Corporation, individually
and as parent, alter ego, successor-in interest and
equitable trustee to EIS Brake Parts and Cali-Block;
THE GOODYEAR TIRE & RUBBER CO.;
THE WILLIAM POWELL COMPANY;
UNION CARBIDE CORPORATION;

VANDERBILT MINERALS, LLC, f/k/a R.T. Vanderbilt
Company, Inc.;
VELAN VALVE CORP;
VIKING PUMP, INC.,
WARREN PUMPS, LLC;
WELCO MANUFACTURING COMPANY;
WHITTAKER CLARK & DANIELS;
ZURN INDUSTRIES, LLC;

     Defendants.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION - ASBESTOS

WARREN BATES, and                               No.: GD
MARY LYNN BATES, his wife,

     Plaintiffs,                               Code: 012

v.                                              JURY TRIAL DEMANDED

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

     Defendants.

## NOTICE

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
ALLEGHENY COUNTY BAR ASSOCIATION
400 KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PA  15219
TELEPHONE:  (412) 261-0518

## COMPLAINT IN CIVIL ACTION
## COUNT I
## STRICT PRODUCTS LIABILITY

1.      The Plaintiffs, Warren Bates, and Mary Lynn Bates, his wife, are individuals
residing at 148 Greens Valley Road, Landisburg, PA 17040.

2.      The defendant, AIR & LIQUID SYSTEMS CORPORATION, Successor-by-
Merger to Buffalo Pumps, Inc., is a corporation incorporated under the laws of the
State of Delaware, having its principal place of business located in New York,
and is qualified to do business in the Commonwealth of Pennsylvania.

3.      The defendant, AMERICAN BILTRITE, INC., is a corporation incorporated
under the laws of the State of Massachusetts, having its principal place of
business located in Boston, Massachusetts, and is qualified to do business in the
Commonwealth of Pennsylvania.

4.      The defendant, ARMSTRONG INTERNATIONAL, INC.,  is a corporation
incorporated under the laws of the State of Michigan, having its principal place of
business located in Three Rivers, Michigan, and is qualified to do business in the
Commonwealth of Pennsylvania.

5.      The defendant, ATWOOD & MORRILL, as Successor-in Interest to Weir Valves,
is a corporation incorporated under the laws of the State of Massachusetts, having
its principal place of business located in the State of Massachusetts, and is
qualified to do business in the Commonwealth of Pennsylvania.

6.      The defendant, AURORA PUMP COMPANY, is a corporation having its
principal place of business located in the Commonwealth of Pennsylvania, and is
qualified to do business in the Commonwealth of Pennsylvania.

7.    The defendant, BLACKMER PUMP COMPANY, is a corporation having its principal place of business located in the State of Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

8.    The defendant, BRAND INSULATIONS, INC., is a corporation incorporated under the laws of the State of Illinois, having its principal place of business located in Park Ridge, Illinois, and is qualified to do business in Pennsylvania.

9.    The defendant, BROOKWOOD VENTURES, L.P., is a corporation incorporated under the laws of the State of Texas, and is qualified to do business in Pennsylvania.

10.   The defendant BW/IP, INC., and its wholly owned subsidiaries, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

11.   The defendant, CLARK-RELIANCE CORPORATION, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Strongsville, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

12.   The defendant, CLEAVER-BROOKS, a division of Aqua-Chem, Inc., is a corporation having its principal place of business in Milwaukee, Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

13.   The defendant, CONWED CORPORATION, Individually and as Successor-in-Interest to Wood Conversion Company, is a corporation incorporated under the laws of the State of Delaware and is qualified to do business in the

Commonwealth of Pennsylvania.

14.    The defendant, COPES-VULCAN, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the Commonwealth of Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

15.    The defendant, DAP, INC., n/k/a La Mirada Products Co., Inc., is a corporation having its principal place of business located in Baltimore, Maryland, and is qualified to do business in the Commonwealth of Pennsylvania.

16.    The defendant, DOCUTRONIX, INC., is a corporation incorporated under the laws of the State of Florida, having its principal place of business located in Homestead, Florida, and is qualified to do business in the Commonwealth of Pennsylvania.

17.    The defendant, EATON CORPORATION, as Successor-in-Interest to Cutler-Hammer, Inc., n/k/a Eaton Electrical, Inc., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Cleveland, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

18.    The defendant, EICHLEAY CORPORATION, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

19.    The defendant, FEDERAL -MOGUL ASBESTOS PERSONAL INJURY TRUST as Successor to Felt Products Manufacturing, Co., is a corporation incorporated

under the laws of the State of Delaware, having its principal place of business located in Wilmington, Delaware, and is qualified to do business in the Commonwealth of Pennsylvania.

20.    The defendant, FLOWSERVE U.S. INC., Solely as successor to Rockwell Manufacturing Company, Edward Valves, Inc., and Nordstrom Valves, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Texas, and is qualified to do business in the Commonwealth of Pennsylvania.

21.    The defendant FMC CORPORATION, individually and on behalf of its former Peerless Pumps Division, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Philadelphia, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

22.    The defendant, FORD MOTOR COMPANY, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Michigan, and is qualified to do business in the Commonwealth of Pennsylvania.

23.    The defendant, FOSTER WHEELER LLC., is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business in Livingston, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

24.    The defendant, GARDNER DENVER, INC., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of

business in Philadelphia, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

25.     The defendant, GENERAL ELECTRIC COMPANY is a corporation incorporated under the laws of the State of New York, having its principal place of business in Fairfield, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

26.     The defendant, GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association a/k/a NAPA, is a corporation incorporated under the laws of the State of Georgia, having its principal place of business located in Atlanta, Georgia, and is qualified to do business in the Commonwealth of Pennsylvania.

27.     The defendant, GOULDS PUMPS, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of Delaware, and is qualified to do business in the Commonwealth of Pennsylvania.

28.     The defendant, H.B. SMITH COMPANY, INC., is a corporation incorporated under the laws of the State Massachusetts, having its principal place of business located in Westfield, Massachusetts, and is qualified to do business in the Commonwealth of Pennsylvania.

29.     The defendant, HARRIS AUTO RACING, is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in Boone, Iowa, and is qualified to do business in the Commonwealth of Pennsylvania.

30.     The defendant, HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to Bendix Corp., is a corporation incorporated under the laws of the State

of Delaware, having its principal place of business located in Morris Plains, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

31.     The defendant, IMO INDUSTRIES, INC., Individually and as Successor-in-Interest to Delaval Steam Turbine Company, is a corporation incorporated under the laws of the state of New York, having its principal place of business located in New York, and is qualified to do business in the Commonwealth of Pennsylvania.

32.     The defendant, INDUSTRIAL HOLDINGS CORPORATION, f/k/a Carborundum Company, is a corporation incorporated under the laws of the State of New York, having its principal place of business located in New York, and is qualified to do business in the Commonwealth of Pennsylvania.

33.     The defendant, INVENSYS SYSTEMS, INC., Individually and as Successor-in-Interest to Fulton Sylphon, is a corporation incorporated under the laws of the State of West Virginia, and is qualified to do business in the Commonwealth of Pennsylvania.

34.     The defendant, ITT LLC, f/k/a ITT Industries, Inc., is a corporation incorporated under the laws of the state of Mississippi having its principal place of business located in Upper Saddle River, New Jersey and is qualified to do business in the Commonwealth of Pennsylvania.

35.     The defendant, KCG, Inc., as Successor-in-Interest to Rew Materials, Inc., Ruco Equipment, and Magnum Products, and as Successor-by-Merger to KC Wall Products, Inc., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with a principal place of business in the Commonwealth of Pennsylvania, and is qualified to do business in the Commonwealth of

Pennsylvania.

36.    The defendant, KELSEY-HAYES COMPANY, is a corporation incorporated

under the laws of the State of Delaware, with a principal place of business in

Livonia, Michigan, and is qualified to do business in the Commonwealth of

Pennsylvania.

37.    The defendant, LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., is a

corporation incorporated under the laws of a State other than Pennsylvania, with a

principal place of business in a State other than Pennsylvania, and conducts

business in the Commonwealth of Pennsylvania, including Allegheny County.

38.    The defendant, MCCARL'S INC., is a corporation incorporated under the laws of

the Commonwealth of Pennsylvania having its principal place of business located

in Beaver, Pennsylvania, and is qualified to do business in Pennsylvania.

39.    The defendant, MCCORD CORPORATION,  is a corporation incorporated under

the laws of the State of Michigan, having its principal place of business located in

Troy, Michigan, and is qualified to do business in Pennsylvania.

40.    The defendant, MORSE TEC, LLC, f/k/a Borgwarner Morse Tec, LLC and

Successor-in-Interest to Borgwarner Corporation, is a corporation incorporated

under the laws of the State of Delaware, having its principal place of business

located in Plymouth, Michigan, and is qualified to do business in the

Commonwealth of Pennsylvania.

41.    The defendant, PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS

Corporation, a Delaware corporation, f/k/a/ Viacom Inc., successor by merger to

CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric

Corporation; is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in New York, New York and is qualified to do business in the Commonwealth of Pennsylvania.

42.     The defendant, PFIZER, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Memphis, Tennessee, and is qualified to do business in the Commonwealth of Pennsylvania.

43.     The defendant, PNEUMO ABEX, LLC, as Successor-in-Interest to Abex Corporation, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Camden, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

44.     The defendant, REDCO CORPORATION, f/k/a Crane Co., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Stamford, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

45.     The defendant, ROCKWELL AUTOMATION, INC., f/k/a Allen-Bradley Company, Individually and as Successor-in-Interest to Rostone Corp., is a corporation incorporated in the State of Delaware, having its principal place of business in the State of Wisconsin, and is qualified to do business in the Commonwealth of Pennsylvania.

46.     The defendant, SCHNEIDER ELECTRIC USA, INC. f/k/a Square D Company, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business located in Palatine, Illinois, and is qualified to do business in the Commonwealth of Pennsylvania.

47. The defendant, SPIRAX SARCO, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Blythewood, South Carolina and is qualified to do business in the Commonwealth of Pennsylvania.

48. The defendant, STANDARD MOTOR PRODUCTS, INC., Successor-in-Interest to Parker-Hannifin Corporation, individually and as parent, alter ego, successor-in interest and equitable trustee to EIS Brake Parts and Cali-Block, is a corporation incorporated under the laws of the State of New York, having its principal place of business in Long Island City, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

49. The defendant, THE GOODYEAR TIRE & RUBBER CO., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

50. The defendant, THE WILLIAM POWELL COMPANY, is a corporation incorporated under the laws of the State of Ohio, with its principal place of business located in the State of Ohio and is qualified to do business in the Commonwealth of Pennsylvania.

51. The defendant, UNION CARBIDE CORPORATION, is a corporation incorporated under the laws of the state of New York, having its principal place of business located in Danbury, Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

52. The defendant, VANDERBILT MINERALS, LLC, f/k/a R.T. Vanderbilt

Company, Inc., is a corporation incorporated under the laws of the State of New York, having its principal place of business in Albany, New York, and is qualified to do business in the Commonwealth of Pennsylvania.

53.    The Defendant, VELAN VALVE CORP, is a corporation incorporated under the laws of the State of New York, having its principal place of business in the State of Vermont, and is qualified to do business in the Commonwealth of Pennsylvania.

54.    The defendant, VIKING PUMP, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Cedar Falls, Louisiana, and is qualified to do business in the Commonwealth of Pennsylvania.

55.    The defendant, WARREN PUMPS, LLC, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Hamilton, New Jersey, and is qualified to do business in the Commonwealth of Pennsylvania.

56.    The defendant, WELCO MANUFACTURING COMPANY, is a corporation incorporated under the laws of the State of Missouri, and is qualified to do business in the Commonwealth of Pennsylvania.

57.    The defendant, WHITTAKER CLARK & DANIELS, is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business in the State of Connecticut, and is qualified to do business in the Commonwealth of Pennsylvania.

58.    The defendant, ZURN INDUSTRIES, LLC, is a corporation incorporated under

the laws of the State of Delaware, and is qualified to do business in the

Commonwealth of Pennsylvania.

59.     Plaintiff, Warren A. Bates, Jr., was first exposed to asbestos while working as a clerk

and supervisor for the Commonwealth of Pennsylvania, Personal Income Tax

Bureau in the Brookwood Street Building (1971-1972; 1997-2004); the Park Penn

Building (1972-1982) and the Strawberry Square Building (1982-1997).  Plaintiff

was also exposed to asbestos while performing auto work on his personal vehicles

and well as family and friends from the mid-1960s through the 1970s.  Finally,

Plaintiff was exposed from 1957 to 1961 through his grandfather, Warren E. Bates,

who worked as an electrician for the Philadelphia Naval Shipyard.  Warren E. Bates

worked in various spaces, including the engineering/mechanical spaces, on the USS

Kitty Hawk and the USS Enterprise.  Warren E. Bates lived with Plaintiff and his

family during this time period and exposed Plaintiff to asbestos dust through his

work clothes.

60.     During the time set forth above, plaintiff, while employed as set forth above, was

exposed to and did inhale asbestos dust and asbestos fibers, which caused the

conditions as hereinafter set forth, resulting in plaintiff's impairment.

61.     Plaintiff suffers from mesothelioma.

62.     The plaintiff's mesothelioma was diagnosed on September 21, 2020.  Plaintiff was

unaware of and could not discover the nature and cause of said mesothelioma before

September 21, 2020.

## COUNT II
## STRICT LIABILITY

63.   Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set forth herein.

64.   The defendant corporations or their predecessors in interest, at all times relevant, engaged in one or more of the following activities involving asbestos and other ingredients in their materials: the mining, milling, manufacturing, distributing, supplying, selling and/or using and/or recommending, and/or installing and/or removing asbestos materials and other dangerous ingredients and products.

65.   At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of said defendants.

66.   As a direct and proximate result of the inhalation of the fibers and dusts contained in the products of defendants, and/or their predecessors in interest, plaintiff contracted the diseases set forth herein.

67.   The condition of plaintiff is a direct and proximate result of the defendants' manufacture, and/or production, and/or distribution, and/or supply and/or sale of products containing asbestos and other dangerous ingredients which were inherently, excessively, and ultra-hazardously dangerous to plaintiff decedent and/or lacked elements necessary to make them safe for their intended uses, including but not limited to a warning.

68.   Plaintiff decedent's disease as set forth herein with associated complications was directly and proximately caused by the acts of the defendants acting through their

agents, servants and employees and the defendants are liable therefore, jointly and severally, to the plaintiff for their breach of duty imposed by Section 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT III

## NEGLIGENCE BY MANUFACTURERS, SUPPLIERS AND/OR CONTRACTORS

69.     Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set forth herein.

70.     The condition of Plaintiff is a direct and proximate result of the negligence of the Defendants, both jointly and severally, in that they manufactured, and/or supplied, and/or sold, and/or used, and/or installed, and/or specified, and/or recommended, and/or removed products containing asbestos and other dangerous ingredients, which products Defendants knew, or in the exercise of reasonable care, should have known, were inherently, excessively, and ultra hazardously dangerous to Plaintiff.

71.     Defendants acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of individuals that might foreseeably be exposed to dust from such asbestos-containing products.

72.     Defendants, individually, together and/or as a group, have possessed since 1929 medical and scientific data which indicated that asbestos-containing insulation and other materials were hazardous to health. Prompted by pecuniary motives, the

Defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data. Rather, they conspired together to deceive the public in several aspects: by controlling industry-supported research in a manner inconsistent with the health and safety interest of users and consumers; by successfully tainting reports of medical and scientific data appearing in industry and medical literature; by suppressing the dissemination of certain medical and scientific information relating to the harmful effects of exposure to said products; and by prohibiting the publication of certain scientific and medical articles. Such conspiratorial activities deprived the users, mechanics, laborers and installers of Defendants' said products of the opportunity to determine whether or not they would expose themselves to the unreasonably dangerous asbestos products of said Defendants. As a direct and proximate result of the aforesaid actions, Plaintiff was exposed as alleged and contracted the diseases set forth herein.

73.    As a direct and proximate result of the actions of the Defendants as aforesaid, and inhalation of asbestos fibers from Defendant's products, the Plaintiff has suffered severe and serious injuries. He suffers from mesothelioma, an asbestos-related disease, severe pain, and discomfort.

WHEREFORE, Plaintiffs have been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

## COUNT IV
## LOSS OF CONSORTIUM

74.    Plaintiff-Wife incorporates the aforementioned paragraphs by reference hereto as

fully set forth herein.

75.   As a direct and proximate result of the carelessness, negligence and/or

recklessness of the Defendants and of the aforesaid injuries to her husband, the

Plaintiff-Wife has been damaged as follows:

      a.   Plaintiff-Wife has been and will continue to be deprived of the

         services, society, and companionship of her husband;

      b.   Plaintiff-Wife has been required to spend money for medicine, medical

         care, nursing, hospital and surgical attention, medical appliances and

         household care for the treatment of her husband; and

      c.   Plaintiff-Wife has been and will continue to be deprived of the

         earnings of her husband.

WHEREFORE, Plaintiff-Wife, Mary Lynn Bates, has been damaged and claims damages

of the Defendants, jointly and severally, in an amount in excess of arbitration jurisdiction of

the Court of Common Pleas of Allegheny County, Pennsylvania.

**JURY TRIAL DEMANDED AS TO ALL COUNTS.**

Respectfully submitted,

SMWM LAW, LLC

By _____

Holly L. Deihl, Esquire
Attorney for Plaintiffs

## VERIFICATION

We, WARREN BATES and MARY LYNN BATES, hereby certify that the statements set

forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of our

knowledge, information and belief.  The factual matters set forth therein are based upon information

which has been furnished to our counsel, or which has been gathered by our counsel as it pertains to

this lawsuit; that the language contained in the foregoing is that of counsel and not the undersigned;

and, that to the extent that the contents of same is that of counsel, the undersigned has relied upon

counsel in making this Verification.

We understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. §4904

relating to unsworn fabrication to authorities, which provides that if we knowingly make false

averments, we may be subject to criminal penalties.

_____
Warren Bates

_____
Mary Lynn Bates